# **Exhibit A to Defendant's Notice of Removal**
(Plaintiff's Complaint and Jury Demand
in State Court Action)

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br><br>Court Address:<br>7325 South Potomac Street<br>Centennial, CO 80112 | DATE FILED: March 1, 2024 11:17 AM<br>FILING ID: 9CD22D2423E26<br>CASE NUMBER: 2024CV30464 |
| Plaintiff(s): Shauntiquea Foston<br><br>v.<br><br>Defendant(s): United Debt Settlement, LLC | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff*:<br>**RAMOS LAW**<br>Matthew R. Osborne #40835<br>Thomas Crowley #51710<br>RAMOS LAW<br>10190 Bannock St., Suite 200<br>Northglenn, CO 80260<br>Phone Number: 303.733.6353<br>E-mail: mosborne@ramoslaw.com<br>          tcrowley@ramoslaw.com | Case Number:<br><br>Courtroom:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

1. Plaintiff is an individual who resides in Aurora, CO.

2. Defendant United Debt Settlement, LLC is a New York limited liability company located at 240 W. 37th St, Ste 400, New York, NY 10018.

3. Defendant provides debt settlement services to the public and to Colorado consumers.

4. In or around June 2023, Plaintiff found Defendant through an advertisement online, and discussed the program with Rebecca. Plaintiff explained that she was looking for help improving her credit score so that she could qualify for a house, and Rebecca confirmed that Defendant could help her out with that.

5. Plaintiff decided to sign up for debt settlement services with Defendant.

**EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL**

6. Defendant instructed Plaintiff to stop paying her creditors so the accounts would become 120-180 days delinquent. Defendant claimed this would incentivize creditors to negotiate debt settlements. Defendant also directed Plaintiff to cease contact with creditors and allow Defendant to communicate on her behalf regarding the accounts.

7. Defendant requested that Plaintiff pay bi-weekly payments of $146.74 for 42 months.

## COUNT I, C.R.S. § 5-19-235

### (Plaintiff individually against Defendant).

8. Defendant is regulated by the "Uniform Debt-Management Services Act" (UDMSA) as set forth in C.R.S. § 5-19-201, *et seq*.

9. Defendant negligently and willfully violated the UDMSA in multiple ways, including:

   a. Defendant did not register with the Colorado attorney general as required by C.R.S. § 5-19-204-206. Therefore, is it illegal for Defendant to operate in Colorado.

   b. Defendant failed to file and obtain a proper surety bond as required by C.R.S. § 5-19-213.

10. Defendant's agreement does not comply with the UDMSA:

    a. There is no standalone disclosure as required by C.R.S. § 5-19-217(d), nor is there the statutory disclosure required by C.R.S. § 5-19-217(e).

    b. Defendant did not sign the agreement as required by C.R.S. § 5-19-219(a)(2).

    c. Defendant did not deliver a signed copy to Plaintiff upon formation as required by C.R.S. § 5-19-219(a)(5);

    d. Defendant did not provide or include the statutorily required disclosures found in C.R.S. § 5-19-219(a)(6)(d), (j), or (k).

    e. Defendant did not provide the statutorily required disclosures set forth in C.R.S. § 5-19-220, the standalone notice of cancellation.

EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL

    f. In late fall 2023, Defendant abruptly terminated Plaintiff's contract without explanation. This left Plaintiff worse off—her credit score plummeted, and creditors added thousands in interest. Defendant had instructed Plaintiff to stop payments and communication. By unlawfully terminating the agreement in bad faith and without notice, Defendant violated C.R.S. § 5-19-215's duty of good faith.

11. As a result of the Defendant's violations of the UDMSA, Plaintiff seeks actual damages, including noneconomic injury, $5,000 statutory damages, plus reasonable attorney fees and costs pursuant to C.R.S. § 5-19-235(c).

## COUNT II, C.R.S. § 5-19-235

### Class Action Allegations

12. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated pursuant to Colorado Rules of Civil Procedure 23.

13. Plaintiff brings claims for violations of C.R.S. § 5-19-217(d)-(e) against Defendant on behalf of the following Class of consumers:

    All Colorado residents who, within the applicable statute of limitations period, entered into an agreement with Defendant, and who did not receive the statutorily required disclosures set forth in C.R.S. § 5-19-217(d)-(e).

14. Plaintiff brings claims for violations of C.R.S. § 5-19-219(a)(2) against Defendant on behalf of the following Class of consumers:

    All Colorado residents who, within the applicable statute of limitations period, entered into an agreement with Defendant, which was not signed by Defendant in violation of C.R.S. § 5-19-219(a)(2).

15. Plaintiff brings claims for violations of C.R.S. § 5-19-219(6)(d), (j), and (k) against Defendant on behalf of the following Class of consumers:

3

**EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL**

Case No. 1:24-cv-01709-DDD-STV    Document 6    filed 06/18/24    USDC Colorado    pg 5 of 8

All Colorado residents who, within the applicable statute of limitations period, entered into an agreement with Defendant, which did not contain the statutorily required disclosures in violation of C.R.S. § 5-19-219(6)(d), (j), and (k).

16. Plaintiff brings claims for violations of C.R.S. § 5-19-220 against Defendant on behalf of the following Class of consumers:

    All Colorado residents who, within the applicable statute of limitations period, entered into an agreement with Defendant, which did not contain the statutorily required Notice of Cancellation in violation of C.R.S. § 5-19-220.

17. Plaintiff brings claims for violations of C.R.S. § 5-19-213 against Defendant on behalf of the following Class of consumers:

    All Colorado residents who, within the applicable statute of limitations period, entered into an agreement with Defendant, when Defendant was not registered with the Colorado attorney general.

18. Excluded from the Class are Defendants, Defendants' subsidiaries and affiliates, their officers, directors, and the members of their immediate families, and any entity in which Defendants have a controlling interest, the legal representatives, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

19. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses if necessary before the Court determines whether certification is appropriate.

20. Common questions of law and fact predominate that are applicable class-wide. Specifically, the following questions arise that are central to the claims of all class members:

    a) Whether Defendant violated the UDMSA by not providing required disclosures;

    b) Whether Defendant failed to properly register in Colorado;

    c) Whether Defendant collected fees before providing a compliant agreement;

    d) How to determine appropriate statutory damages.

4

**EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL**

21. The class membership likely numbers in the hundreds or thousands, making joinder impracticable. The full scope is ascertainable only through Defendant's records.

22. It is impracticable to individually litigate all class member claims. A class action allows efficient resolution of common claims without duplicating litigation efforts or risking inconsistent rulings.

23. Plaintiff's claims are typical of the claims of the other members of the Classes in that they arise out of the same wrongful business practices by Defendants, as described herein.

24. Plaintiff, harmed directly by Defendant's violations outlined above, will adequately represent the Classes.

25. Plaintiff is fully committed to vigorously pursuing these claims on behalf of the class. Plaintiff has retained competent counsel well-versed in consumer class action litigation.

26. There is no conflict of interest between Plaintiff and the unnamed members of the Classes.

27. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

28. Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

29. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

30. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, demands a jury trial on all claims so triable and judgment as follows:

**EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL**

A. Certifying the proposed Classes pursuant to Colorado Rule of Civil Procedure 23, appointing the Plaintiff as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the respective Classes;

B. Declaring that Defendant's conduct violates the UDMSA as set forth above;

C. Awarding Plaintiff actual damages, including non-economic damages, pursuant to C.R.S. § 5-19-235(c)(1);

D. Awarding each member of the class all money paid or deposited by or on behalf of the individual pursuant to the agreement, except amounts paid to creditors, pursuant to C.R.S. § 5-19-325(a) due to Defendant's agreement being void for failing to register with the Colorado attorney general;

E. Awarding each member of the class three times the total amount of the fees, charges, money, and payments made by the individual to the provider pursuant to C.R.S. § 5-19-235 due to Defendant not being allowed to charge or collect fees before entering into an agreement that complies with C.R.S. § 5-19-219;

F. Awarding each member of the class all money paid or deposited by or on behalf of the individual pursuant to the agreement, except for amounts paid to creditors, pursuant to C.R.S. § 5-19-235(e) due to Defendant's failure to comply with C.R.S. § 5-19-220.

G. Attorneys' Fees and costs;

H. Injunctive and Declaratory Relief pursuant to C.R.C.P. 23(b) to prohibit Defendant from continuing to do business in Colorado until it first registers with the Colorado attorney general, and changes its standard contract to be compliant with the UDMSA;

I. For such other relief, including equitable relief, as may be proper.

6

**EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL**

Respectfully submitted this 1st day of March 2024.

                                        **RAMOS LAW**

                                        */s/ Matthew R. Osborne*
                                        Matthew R. Osborne #40835
                                        Thomas Crowley #51710
                                        RAMOS LAW
                                        10190 Bannock St., Suite 200
                                        Northglenn, CO 80260
                                        Phone Number: 303.733.6353
                                        E-mail: mosborne@ramoslaw.com
                                                          tcrowley@ramoslaw.com

                                        *Attorneys for Plaintiff*

7

**EXHIBIT A TO DEFENDANT'S NOTICE OF REMOVAL**